```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ROMELL CALDWELL,                :
                                :
            Plaintiff,          :
    -against-                   :
                                :
SLIP-N-SLIDE RECORDS, INC.,     :      No. 10 Civ. 9106 (JFK)
ALGERNOD LANIER WASHINGTON,     :      Opinion and Order
a/k/a PLIES, LONNIE LOVE,       :
d/b/a UDIGG RECORDS AND UDIGG   :
MUSIC GROUP, and 101            :
DISTRIBUTION, LLC,              :
                                :
            Defendants.         :
-------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-11

APPEARANCES:

    <u>For Plaintiff</u>:
    Danial A. Nelson, Esq.
    Kevin P. McCulloch, Esq.
    NELSON & McCULLOCH LLP

    <u>For Defendant Slip-N-Slide Records</u>:
    Jonathan D. Davis, Esq.

    Richard C. Wolfe, Esq.
    EHRENSTEIN CHARBONNEAU CALDERIN

    <u>For Defendant Algernod Lanier Washington</u>:
    Christopher B. Spuches, Esq.
    EHRENSTEIN CHARBONNEAU CALDERIN

    <u>For Defendant 101 Distribution</u>:
    Gregory O. Koerner, Esq.
    TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant Slip-N-Slide Records, Inc. ("SNS"), Algernod Lanier Washington ("Plies"), and 101 Distribution LLC's ("101 Distribution") motion to transfer venue

to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion is granted.

## I. Background

Plaintiff Romell Caldwell ("Caldwell" or "Plaintiff") alleges that in 2001 he created the musical composition and sound recording of a song entitled "Dim Hits," which he later registered with the United States Copyright Office. (Compl. ¶¶ 9-10). In 2004, Caldwell gave a copy of "Dim Hits" to a vocalist known as Trina, who has a recording contract with the Defendants. (Id. ¶¶ 11-12). In 2008, Plaintiff discovered that the Defendants had allegedly copied "Dim Hits," without his permission, and incorporated it into a song titled "Bond Money." (Id. ¶ 13). Plaintiff also alleges that the Defendants have distributed "Bond Money" on several albums, web sites, and other outlets throughout the United States. (Id. ¶ 14).

None of the parties have demonstrated ties to this forum. Plaintiff is a resident of Charlotte, North Carolina. (Compl. ¶ 3). SNS is a Florida corporation that "promotes, develops, markets and manages recording artists." (Decl. of Ted Lucas ¶ 2). SNS' principal place of business and sole office is in Miami Beach, Florida. (Id. ¶ 3). SNS does not have an office, agent, or employees in New York. (Id. ¶ 4). The song "Bond Money" was purportedly written and recorded in Florida. (Def.

Mem. in Supp. of Transfer, at 1).  Plies is a Florida resident, and 101 Distribution is a Phoenix, Arizona limited liability company.  Defendant Lonnie Love is an Atlanta, Georgia resident. (Compl. ¶¶ 5-7).

The two Florida Defendants, SNS and Plies, along with 101 Distribution, now move to transfer this case to the Southern District of Florida.  101 Distribution joins in Plies' motion but asserts no independent grounds for transfer.  Lonnie Love has not been served.

## II.  Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  On such a motion, the moving party must make a "clear and convincing" showing that transfer under § 1404(a) is proper.  Atl. Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009); see Frame v. Whole Foods Market, Inc., No. 06 Civ. 7058, 2007 WL 2815613, at *4 (S.D.N.Y. Sept. 24, 2007).  "Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."  Frame, 2007 WL 2815613, at *4 (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)).

3

"The inquiry on a motion to transfer venue is two-fold. First, the district court must determine whether the case could have been brought in the proposed transferee district." Id.; see also Herbert v. Elec. Arts, Inc., 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004); In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998).  If the court determines that the case could have been originally brought in the proposed transferee district, the court must next balance several factors to determine whether the transfer is appropriate.  See Frame, 2007 WL 2815613, at *4; Herbert, 325 F. Supp. 2d at 285-86; In re Nematron, 30 F. Supp. 2d at 400.  These factors include: (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice.  See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., No. 04 Civ. 7369, 2004 WL 2314424, at *1 (S.D.N.Y. Oct. 13, 2004); Capitol Records, Inc. v. Kuang DYI Co. of RM, No. 03 Civ. 0520, 2004 WL 405961, at *3 (S.D.N.Y. Mar. 4, 2004); Prudential Secs. Inc. v.

4

Norcom Dev., Inc., No. 97 Civ. 6308, 1998 WL 397889, at *3 (S.D.N.Y. July 16, 1998).

### A. Could Original Case Have Been Brought In Florida?

Venue in a federal copyright case lies "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "It is well established that a defendant 'may be found' in any district in which he is amenable to personal jurisdiction; thus venue and jurisdiction are co-extensive." Capitol Records, 2004 WL 405961, at *1.

SNS and Plies reside in Florida, and therefore are subject to personal jurisdiction there. 101 Distribution, an Arizona corporation, may have conducted business in Florida, and therefore likely has sufficient connection to the forum. Plaintiff does not challenge the fact that this matter could have originally been brought in the Southern District of Florida.

### B. Factor Test

When weighing all the factors "[t]here is no rigid formula" and "no single one of them is determinative." Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 400 (S.D.N.Y. 2010) (internal citation omitted). However, the "weight accorded a plaintiff's forum choice affects the burden that a defendant must meet on the other factors." Frame, 2007 WL 2815613, at *4.

### 1.  Plaintiff's Choice of Forum and the Locus of Operative Facts

Generally, the plaintiff's choice of venue is given deference; however, where the chosen forum is not the plaintiff's home forum, the choice is given somewhat less deference. Colour & Design v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 8332, 2005 WL 1337864, at *5 (S.D.N.Y. June 3, 2005). "'Further, the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state'" and the locus of operative facts underlying the claim. Frame, 2007 WL 2815613, at *5 (quoting Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998)). "In an infringement action, one locus of operative facts is the place where the allegedly infringing product was designed and developed." Atl. Recording, 603 F. Supp. 2d at 697. However, "[w]here the nexus of the allegedly infringing activity is in the transferee District, it is insufficient to find a connection to New York based solely on sales of the product that took place here." Walker v. Jon Renau Collection, Inc., 423 F. Supp. 2d 115, 119 (S.D.N.Y. 2005).

Plaintiff is a resident of North Carolina, and therefore New York is not the Plaintiff's home forum. Moreover, it is undisputed that the original song "Dim Hits" was written in North Carolina, and the song "Bond Money" was written in

6

Florida.  Plaintiff brings this suit in New York under the theory that the allegedly infringing song was distributed in New York over the Internet, including through YouTube and iTunes.  As the only apparent connection to this forum is the distribution of "Bond Money" over the Internet, a fact which would support venue in any district court in this country, Plaintiff's choice of forum is entitled to little weight.

### 2. Convenience of the Witnesses

Courts have generally regarded the convenience of party and non-party witnesses as the most important factor in determining whether to grant a motion to transfer venue.  See Chiste, 756 F. Supp. 2d at 400; Colour, 2005 WL 1337864, at *4; Capitol Records, 2004 WL 405961, at *3; Prudential, 1998 WL 397889, at *3.  In a motion to transfer venue, the movant bears the burden of identifying any and all potential witnesses who would inconvenienced if the suit were to remain in the forum chosen by plaintiff.  See Frame, 2007 WL 2815613, at *5.  "'In order to meet its burden, the motion of the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony.'"  Capitol Records, 2004 WL 405961, at *3 (quoting Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 66-

7

67 (S.D.N.Y. 1993)). Other courts have concluded that "'[w]hen assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.'" Frame, 2007 WL 2815613, at *5 (quoting Herbert, 325 F. Supp. 2d at 286).

Although Plies and 101 Distribution have not put forth any witnesses they might wish to call to testify, SNS has identified 16 potential witnesses "who have relevant information" relating to the alleged infringement of "Dim Hits," all of whom are located in Florida. Although SNS has not fully identified some of the 16 witnesses by name, they do name several key witnesses, all of whom reside in Florida. For instance, Trina and the writer of "Bond Money" would likely provide material testimony about the creation of the song. Defendant asserts that the Florida witnesses are unwilling or unable to travel to New York. Even though Plaintiff's counsel has indicated his willingness to travel to Florida for any necessary depositions, it would be in the best interest for all the witnesses to have this case transferred to their home forum.

### 3. Convenience of the Parties

"[T]ransfer of venue may be appropriate where inconvenience for the party moving for transfer could be completely eliminated without substantially adding to the non-moving party's inconvenience." Frame, 2007 WL 2815613, at *6. SNS and Plies, as Florida residents would clearly be inconvenienced if the case were to remain in this Court. SNS' one and only office is in Florida. It does not have offices or officers in New York, nor is it clear that SNS has conducted any business in New York. Plies also resides in Florida and has very little, if any, connection to New York. 101 Distribution, by joining in this motion, has indicated that it would prefer the Florida venue over New York.

If the case were to be moved to Florida, SNS and Plies would no longer be forced to travel back and forth to New York, and thus the inconvenience to them would be completely eliminated. 101 Distribution has to travel across the country regardless of whether this case is transferred, but transfer to Florida would allow it to join the two Florida Defendants in coordinated defense. Furthermore, transfer would not impose any burden on the North Carolina Plaintiff over and above that which he willingly assumed by filing suit outside of his home state. See Walker, 423 F. Supp. 2d at 118 (granting motion to transfer

venue because "[i]f the case remains before this Court, both parties will be forced to travel thousands of miles to New York as the case proceeds. If the case is transferred, the hardship of travel on defendant will be eliminated, while the hardship of travel on plaintiff will only be slightly increased, since she would have to travel from London regardless"). This factor favors transfer.

**4.  Location of Relevant Documents and the Relative Ease of Access to Sources of Proof**

Another important factor is the location of relevant documents and other discoverable material. "In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008). While this is the general rule, in infringement cases "'the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weigh in favor of transfer to that location.'" Id. (quoting Millennium, L.P. v. Hyland Software, Inc., No. 03 Civ. 3900, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003)).

Here, SNS avers that any relevant documents it may have are all located at its office in Miami. Therefore, proceeding in

10

Florida may aid in the speedy and efficient production of discovery.

### 5. Availability of Process to Compel the Attendance of Unwilling Witnesses

SNS argues that it "cannot compel all of the material witnesses to attend trial in New York City and it would be a financial hardship for SNS to litigate the case in New York since most of the witnesses in this case reside in Florida." (Lucas Decl. ¶ 14).  However, a Florida court would be in a better position to compel the attendance of the 16 witnesses residing in Florida.  See Chiste, 756 F. Supp. 2d at 400-01 (holding that "because most of the possible witnesses are located in Texas, a Texas court is better able to compel their attendance").

### 6. The Comparative Familiarity of Each District with the Governing Law

It is presumed that both the Southern District of New York as well as the Southern District of Florida are familiar with the laws governing copyright infringement and would be able to adequately adjudicate the case.  See Colour, 2005 WL 1337864, at *3-5 (holding that federal courts are presumed to be equally familiar with the law in federal copyright infringement actions); AEC One Stop Grp., Inc. v CD Listening Bar, Inc., 326

F. Supp. 2d 525, 531 (S.D.N.Y. 2004); <u>Atl. Recording Corp.</u>, 603 F. Supp. 2d at 697. For this reason, this factor is neutral.

### III. Conclusion

The facts and parties in this case have little to no connection to New York. In weighing all the factors, the Court concludes that Defendants have met their burden of persuasion. The inconvenience to Defendants and their witnesses of proceeding in this Court outweigh any deference given to the foreign Plaintiff's choice of forum. The interest of justice is best served by transferring this case to the Southern District of Florida, and therefore Defendants' motion to transfer venue [Docket Nos. 11, 29 and 36] is GRANTED.

**SO ORDERED.**

Dated: New York, New York
       July 26, 2011

*/s/ John F. Keenan*
John F. Keenan
United States District Judge